Filed 1/31/22  Smith v. Sprouts Farmers Market CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DONNA SMITH, | B303727 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC675730) |
| v. | |
| SPROUTS FARMERS MARKET, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Donna Smith, in pro. per, for Plaintiff and Appellant.

Bradley & Gmelich, Lindy F. Bradley, Mark I. Melo and Dawn Cushman for Defendant and Respondent.

————————————————

Plaintiff Donna Smith appeals from a judgment entered against her and in favor of defendant SF Markets, LLC. (erroneously sued as Sprouts Farmers Market, Inc.).[1]  Plaintiff urges the judgment should be reversed because the trial court erroneously granted defendant's motion to compel plaintiff to appear for an independent medical exam (IME) and issued a flawed and incomplete settled statement.  We conclude that plaintiff has failed to demonstrate prejudicial error, and thus we will affirm.

## PROCEDURAL BACKGROUND

*A.     Complaint, Discovery Disputes, and Judgment*

Plaintiff filed the present action for negligence and premises liability against defendant in September 2017.  The operative complaint alleged that plaintiff suffered serious bodily injuries as a result of slipping and falling on a slippery substance while shopping at a Sprouts Farmers Market.  Plaintiff claimed

---

[1]      Plaintiff also purported to appeal from orders entered on December 11, 2018, and March 1, March 6, April 2, April 3, June 5, October 15, November 12, and November 14, 2019.  The trial court issued prejudgment orders on several of these dates—specifically, on March 1, 2019, the court ruled on defendant's motion to compel plaintiff's deposition; on April 2, 2019, the court granted defendant's motion to compel an independent medical exam; on June 5, 2019, the court granted defendant's motion for summary judgment; and on October 15, 2019, the court denied plaintiff's motion to strike/tax costs.  These prejudgment orders are not separately appealable; they are, however, reviewable as part of plaintiff's appeal from the judgment.  (Code Civ. Proc., §§ 904.1, 906; *Abramson v. Juniper Networks, Inc*. (2004) 115 Cal.App.4th 638, 648.)  It does not appear that orders were entered on the remaining dates.

2

to have suffered general and special damages in excess of $1.5 million.

On September 24, 2018, defendant filed a motion for summary judgment, with a hearing set for December 5, 2018. At plaintiff's request, the trial court continued the hearing six months, to June 5, 2019.

In January 2019, defendant filed a motion to compel a second session of plaintiff's deposition. On March 1, 2019, based on the parties' stipulation, the court ordered plaintiff's deposition to go forward on March 22, continued the motion to compel to April 5, and agreed to take the motion off calendar if plaintiff's deposition was completed as scheduled.

In March 2019, defendant filed a motion to compel plaintiff to submit to an IME. Over plaintiff's objection, the trial court granted the motion on April 2, 2019.

Plaintiff failed to file an opposition to defendant's motion for summary judgment prior to the June 5, 2019 hearing date. However, plaintiff appeared at the hearing with a brief and exhibits, requesting permission to file a late opposition. The trial court heard argument on plaintiff's request to file a late opposition and then took the matter under submission. The same day, the court denied the request to file a late opposition and granted defendant's motion for summary judgment.

Defendant filed a memorandum seeking costs of $4,607. Plaintiff filed a motion to strike or tax costs, which defendant opposed. On October 15, 2019, the trial court denied plaintiff's motion.

The trial court entered judgment for defendant on November 12, 2019, which included an award of costs to

defendant as prevailing party. Plaintiff timely appealed from the judgment.

        *B.     Plaintiff's Request for a Settled Statement*

Plaintiff filed a proposed settled statement with the trial court on April 24, 2020. Plaintiff asked the court to settle a statement concerning the hearings on the motions to compel plaintiff's deposition, to compel an IME, for summary judgment, and to strike/tax costs.

Defendant filed a response to plaintiff's proposed settled statement on May 13, 2020, and plaintiff filed amended proposed settled statements on July 8 and September 4, 2020.

On September 22, 2020, the court issued an order finding that corrections were needed "for the settled statement proposed by the appellant to be an accurate summary of the evidence and testimony for the issues the court addressed in the order or judgment being appealed," and attached a modified settled statement. The parties were given 20 days to serve and file proposed modifications or objections. On October 13, 2020, the court filed and certified the settled statement.

## DISCUSSION

Plaintiff contends the court abused its discretion by (1) ordering an IME, and (2) denying her a complete appellate record by issuing a flawed and incomplete settled statement. She therefore urges this court to reverse the judgment, as well as the trial court's orders granting defendant's motion for summary judgment, granting defendant's motions to compel plaintiff to appear for deposition and for an IME, denying plaintiff's motion to tax costs, and sustaining defendant's objections to plaintiff's proposed settled statement. For the reasons that follow, plaintiff's contentions lack merit.

4

# I.
## The Trial Court Did Not Prejudicially Err
## by Ordering an Independent Medical Exam

Plaintiff contends the trial court abused its discretion by granting defendant's motion to compel an IME.  In support, she urges that the trial court failed to consider a letter submitted by defendant's independent medical examiner, Dr. Rad; defendant did not make a good faith effort to meet and confer regarding the IME prior to filing the motion; and plaintiff had already attended and participated in an IME.

" ' "Management of discovery generally lies within the sound discretion of the trial court."  [Citation.]  "Where there is a basis for the trial court's ruling and it is supported by the evidence, a reviewing court will not substitute its opinion for that of the trial court.  [Citation.]  The trial court's determination will be set aside only when it has been demonstrated that there was 'no legal justification' for the order granting or denying the discovery in question." ' (*Maldonado v. Superior Court* (2002) 94 Cal.App.4th 1390, 1396–1397.)" (*Lickter v. Lickter* (2010) 189 Cal.App.4th 712, 740.)  Further, where, as here, an appellant has not sought writ review of the discovery order, but instead seeks review on an appeal from the judgment following a successful summary judgment, she must show "not only that the trial court erred, but also that the error was prejudicial." (*Ibid.*)  In other words, plaintiff must demonstrate that it is reasonably probable the trial court would not have granted summary judgment against her had the court not ordered the IME.  (*Ibid.*; see also *MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1045.)

Here, plaintiff has utterly failed to demonstrate a reasonable probability that the trial court would not have entered summary judgment for defendant had it not ordered an IME. Indeed, plaintiff has nowhere suggested that defendant was not entitled to an IME; instead, her sole contention appears to be that the order compelling an IME was inappropriate because she had agreed to submit to an IME and the issue could have been worked out cooperatively by the parties without the court's intervention. Thus, because plaintiff has failed to demonstrate that the trial court's discovery ruling was prejudicial, we find no reversible error.

## II.
### The Trial Court Did Not Prejudicially Err by Issuing the Settled Statement

Plaintiff contends the trial court abused its discretion by failing to include in the settled statement summaries of defendant's arguments (1) in support of the motion for summary judgment, (2) in opposition to plaintiff's motion to continue the summary judgment hearing, and (3) in opposition to the motion to tax costs. Plaintiff also contends the trial court erroneously sustained defendant's objections to plaintiff's July 8 and September 4, 2020 proposed settled statements.

California Rules of Court, rule 8.137, provides that an appellant may proceed on a settled statement in lieu of a reporter's transcript if, among other things, the designated oral proceedings in the superior court were not reported by a court reporter. (Cal. Rules of Court, rule 8.137(b)(1)(A).) A settled statement should contain a "condensed narrative" of the proceedings from which appeal is taken—i.e., "a concise factual summary of the *evidence and the testimony of each witness*

6

relevant to the points that the appellant states . . . are being raised on appeal." (Cal. Rules of Court, rule 8.137(d)(2)(A), italics added.)

In the present case, plaintiff does not contend that any "evidence" or "testimony" was omitted from the separate statement, and, indeed, no evidence or testimony was introduced at the hearings at issue. Instead, plaintiff urges only that the trial court failed to include defendant's counsel's *argument*, which is neither evidence nor testimony. (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1173 ["Argument of counsel is not evidence."]; *Davenport v. Blue Cross of California* (1997) 52 Cal.App.4th 435, 454 [same].)

Further, plaintiff does not demonstrate any way in which failing to include defendant's counsel's argument in the settled statement resulted in any prejudice to plaintiff. Arguably, the omission of defendant's counsel's argument could have prejudiced *defendant*—for example, by depriving defendant of the ability to demonstrate that a particular contention was preserved—but we cannot conceive of any way in which this omission could have prejudiced *plaintiff*.

Plaintiff has also failed to demonstrate that she suffered any prejudice as a result of the trial court's rulings on defendant's objections to her July 8 and September 4, 2020 proposed settled statements. Defendant objected to the July 8 settled statement on the ground that it had not received its service copy and thus had not had the opportunity to file objections; the court thus considered plaintiff's nearly-identical September 4 proposed settled statement, which defendant had received and to which it had filed proposed modifications. The court did not adopt defendant's proposed modifications wholesale; instead, it found

7

that neither plaintiff's settled statement nor defendant's proposed modifications were "entirely accurate," and thus the court rewrote a portion of the settled statement to reflect its corrections. Plaintiff has not demonstrated either that the court erred in doing so or that she was prejudiced as a result.

To demonstrate that a judgment or order should be reversed, an appellant must demonstrate prejudicial error—that except for the error, a different outcome was probable. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 802; see also *Brue v. Al Shabaab* (2020) 54 Cal.App.5th 578, 588–589 ["Absent any showing of prejudice, we cannot reverse the trial court's order."].) Because plaintiff has failed to do so, we therefore will affirm the judgment.

## DISPOSITION

The judgment is affirmed.  Defendant is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EDMON, P. J.


We concur:



                    EGERTON, J.



                    WINDHAM, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.